IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANTE I. DESSUS,       Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 22-cv-1926 |
| EQUIFAX,       Defendant. | : : : | |

### MEMORANDUM

Plaintiff Shante I. Dessus, proceeding *pro se*, raises what this Court understands to be claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Defendant Equifax.[1] Dessus also moves for leave to proceed *in forma pauperis*, which motion shall be granted as it appears that Dessus is unable to afford to pay the filing fees associated with his suit. His Complaint is thus subject to the screening requirements under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B) and shall be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dessus will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

**I.     FACTUAL ALLEGATIONS**

The factual allegations in Dessus's Complaint are sparse. Dessus is allegedly a consumer who "sent a written dispute on or about 8/2021, to Defendant, a consumer reporting agency" disputing the completeness and accuracy of the following tradelines:

---

[1] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require " a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). The Complaint contains only a typed signature. Pursuant to this District's standing order, *see In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Create by COVID-19*, (E.D. Pa. May 13, 2020), *available at* https://www.paed.uscourts.gov/documents/standord/StandingOrder-ProSeElectronicSignatures.pdf, the Court will exercise its discretion to accept the electronic signature as compliant with Federal Rule of Civil Procedure 11.

1

[CREDIT ACCEPTANCE CO] – account number [846457XX] incomplete-reporting, [L.J. ROSS & ASSOCIATE] – account number [242736XX] duplicate times on credit report, [SANTANDER CONSUMER U] – account number [300002XXXXXXXXXXX] incomplete reporting, [FINGERHUT/WEBBANK] – account number [636992XXXXXXXXXX]

Dessus avers that "Defendant negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the date [*sic*] in consumer reports concerning Plaintiff" and failed to "investigate, delete, or modify the disputed information, and provide a response" within thirty days of the dispute.  Dessus claims to have suffered personal and financial damages, and seeks "damages in the amount of $50,000, to date, and all future costs of this suit, and such other relief the Court does deem just, equitable and proper."  Dessus submitted no attachments in support of the Complaint.

**II.      STANDARD OF REVIEW**

As Dessus appears to be incapable of paying the filing fees to commence this action, the Court will grant Dessus leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Dessus's Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Ke v. Pa. State Emps. Retirement Sys.*, 838 Fed. App'x 699, 702 (3d Cir. 2020), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations, however, will not suffice.  *Id.* at 678.

"At this early stage of the litigation, [courts will] accept the facts alleged in [the] *pro se* complaint as true, draw all reasonable inferences in [the plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim."

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal citations, quotations and alterations omitted).

As Dessus is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). That said, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal citation and quotation marks omitted). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (internal citation and quotation marks omitted).

## III.   DISCUSSION

Though Dessus does not specify the statute under which he brings his claims against Equifax, this Court construes his Complaint as raising claims under the FCRA as he specifies that Defendant is a "consumer reporting agency" and Plaintiff's claims pertains "consumer reports concerning Plaintiff" that Defendant allegedly "prepared, maintained, and published to others . . . and negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of . . . . and investigate, delete or modify the disputed information and provide a response to Plaintiff." Therefore, to understand Plaintiff's claims, one must first understand the FCRA.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (stating that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies like Defendant "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

One section of the FCRA, section 1681e(b), requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A plaintiff may bring a claim against a consumer reporting agency under this section if he pleads that: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and, (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under that provision, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it

undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

"Generally speaking, a consumer reporting agency does not violate the FCRA's requirement that it 'follow reasonable procedures to assure maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of information if the information that it reports is factually accurate."  *Williams v. Experian Info. Sols., Inc.*, 2016 WL 3466089, at *3 (D.N.J. June 21, 2016); *Covington v. Equifax Info. Servs., Inc.*, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) ("As with § 1681e(b) claims, a claim under 1681i will fail if the consumer cannot show that the information in his or her file was inaccurate.") (internal citations, alterations and quotation marks omitted).  "A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (per curiam) (internal quotation marks and alterations omitted) (citing *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)).  Therefore, to move forward with his claims under Sections 1681e(b) or 1681li of the FCRA, Dessus must allege that his credit report contains inaccurate information.  *Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019)

The allegations in Dessus's Complaint fail to do the job; as pled, they are sparse, conclusory, and not plausible.  Dessus has not identified the allegedly inaccurate credit history information, explained why the information was inaccurate, or alleged any facts about how the allegedly inaccurate information was disputed with Equifax.  Dessus also fails to allege what actions Equifax was required to take in response but failed to do so.  Accordingly, Dessus's Complaint fails to allege a plausible claim for relief at this time.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (holding that allegations that defendant failed to "fully and properly investigate the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements for an FCRA claims).

### IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Dessus's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Because it is not clear at this time that Dessus cannot state a plausible claim based on the acts or omissions of Equifax, the Court will grant Dessus leave to amend to "flesh out these allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Any amended complaint should clearly describe the factual basis for any FCRA claims.

An appropriate Order follows.[2]

**BY THE COURT:**

**/s/WENDY BEETLESTONE, J.**

**WENDY BEETLESTONE, J.**

---

[2] The Complaint is captioned for the "U.S. District Court, District of South Carolina."  If Dessus mailed the Complaint to an incorrect address, Dessus may so notify the Court and ask that the case be voluntarily withdrawn so that it may be filed in South Carolina.